**Seyed Abbas MOUSAVI, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

**No. 02–73921.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 4, 2004.

Decided March 29, 2004.

Rehearing and Suggestion for Rehearing En Banc Denied June 17, 2004.

Howard R. Davis, Esq., Davis, Miller & Neumeister, Van Nuys, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Los Angeles District Counsel, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Richard M. Evans, Esq., Paul Fiorino, Esq., DOJ—U.S. Department of Justice, Washington, DC, for Respondent.

Before: SILVERMAN, GOULD, and BEA, Circuit Judges.

MEMORANDUM *

Seyed Abbas Mousavi petitions for review of the Board of Immigration Appeals' ("BIA's") summary decision upholding the Immigration Judge's ("IJ's") decision, which denied petitioner's application for asylum and withholding of removal, and granted his request for voluntary departure. Petitioner contests only the denial of asylum on appeal.

Because the parties are familiar with the facts, we will not recite them here.

We review the BIA's order under the substantial evidence standard. *See Andriasian v. INS*, 180 F.3d 1033, 1040 (9th Cir.1999). We generally review only the BIA's decision, but where, as here, the BIA affirms the IJ's decision without issuing an opinion, the court reviews the IJ's ruling. *See Falcon Carriche v. Ashcroft*, 350 F.3d 845, 849 (9th Cir.2003). We must uphold the IJ's decision unless the evidence would compel a reasonable adjudicator to reach a contrary result. *See* 8 U.S.C. § 1252(b)(4)(B). Findings of fact, including negative credibility findings, will be sustained if they are supported by "reasonable, substantial, and probative evidence in the record." *Melkonian v. Ashcroft*, 320 F.3d 1061, 1065 (9th Cir.2003). Deference is given to the IJ's credibility determination, because the IJ is in the best position to assess the trustworthiness of the alien's testimony. *See Mendoza Manimbao v. Ashcroft*, 329 F.3d 655, 658 (9th Cir.2003).

The IJ found petitioner not credible based on many inconsistencies in petitioner's testimony and inconsistencies between his written application for asylum and his testimony.

After reviewing petitioner's written application and all the testimony presented, we conclude that substantial evidence supports the IJ's negative credibility finding. *See Wang v. INS*, 352 F.3d 1250, 1259 (9th Cir.2003) ("So long as one of the identified grounds [for the negative credibility finding] is supported by substantial evidence and goes to the heart of [petitioner's] claim of persecution, we are bound to accept the IJ's adverse credibility finding.").

Petitioner's story was filled with inconsistencies. For instance: First, petitioner stated in his August 27, 1998 application that he was persecuted in Iran because he was a moderate Muslim, but at the hearing he admitted he practiced the same form of Islam practiced by the governing officials in Iran, and that it was not a moderate form of Islam at all. Also at the hearing, he dropped his claim that he would be persecuted for being a moderate Muslim and said he would be persecuted because the Iranian officials thought he was a Christian convert.

Second, petitioner testified that in October 1997, he was stopped in Iran by armed guards who searched his car and found

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

various Christian materials in it.[1] Petitioner said the guards beat him, causing a severe injury to his back and spinal cord and that they shot their rifles in his direction, but then he testified that he was able to jump up and run away when the guards were laughing and that they did not stop him. Petitioner also left out the fact that they shot their rifles in his direction from his written application, which was otherwise very detailed.

Third, petitioner testified that his back injury continued to plague him even until the hearing, but he said he could not provide a note from his U.S. doctor because the doctor had been "out of town" for several months.

Fourth, petitioner testified he was afraid he would be killed if he returned to Iran because of the October 1997 incident, but he also admitted he did voluntarily return to Iran from Turkey after this incident. When questioned about why he would return if he were really afraid of being killed, he said that the guards did not begin searching for him until after he returned from Turkey and so he did not take the threat seriously. This directly contradicted his earlier testimony that the guards were looking for him immediately after the October 1997 incident, and his written application in which he says he immediately went into hiding.

Fifth, petitioner said he intended to convert to Christianity and that this would place his life in danger, but the pastor he brought to support this claim said that petitioner still had not converted to Christianity even after several months of study, and that petitioner had not started attending his church until July 1999, which was 18 months after petitioner arrived in the United States and six months after remov

al proceedings has began. In fact, the pastor would not characterize petitioner as a Christian. Further, petitioner's written application, prepared several months after he says he started attending church, said nothing about him attending church.

These are examples of the many inconsistencies in petitioner's testimony. These inconsistencies go to the heart of petitioner's application for asylum. *de Leon–Barrios v. INS*, 116 F.3d 391, 393–94 (9th Cir. 1997). Petitioner was given a full and fair opportunity to present his written application, his own testimony and that of a witness, and he was provided with a Farsi interpreter. Substantial evidence supports the IJ's ruling.

**PETITION DENIED.**

---

1. *After* this incident, petitioner still characterized himself as a moderate Muslim in his 1998 asylum application.